**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOROTHY SAMUELS<br>215 Laveer Street<br>Philadelphia, PA 19120<br><br>Plaintiff,<br><br>v.<br><br>LINDEN BROWNING, INC. d/b/a<br>RIGHT AT HOME<br>100 West Avenue, Ste 903 S<br>Jenkintown, PA 19046<br>and<br>CHRISTOPHER CAMPBELL, *individually*<br>100 West Avenue, Ste 903 S<br>Jenkintown, PA 19046<br>and<br>MARIA CAMPBELL, *individually*<br>100 West Avenue, Ste 903 S<br>Jenkintown, PA 19046<br><br>Defendants. | CIVIL ACTION<br><br>No. _______________<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Dorothy Samuels ("Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Plaintiff for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that she was not paid overtime compensation (while employed). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, residing at address as set forth in the caption.

7. Linden Browning, Inc. d/b/a Right at Home ("Defendant RAH") is an in-home care provider for seniors and adults with disabilities serving East Montgomery County and South Bucks County in Pennsylvania

8. Christopher Campbell ("Defendant C.Campbell") is a co-owner and the President of Defendant RAH.

9. Maria Campbell ("Defendant M.Campbell") is a co-owner and the Vice President of Defendant RAH.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about July 7, 2023, as a Home Health Aide; and in total, Plaintiff has been employed by Defendants in this capacity for over three (3) years. Plaintiff remains a current employee of Defendants.

13. For her entire tenure, Plaintiff was classified as a non-exempt employee within Defendants wherein she was entitled to overtime pay (and compensation).

14. As part of Plaintiff's overall job and role, Plaintiff worked on average 112 hours per week (approximately 16 hours per day, 7 days per week).

15. Throughout Plaintiff's entire tenure, she has been paid a fixed per day rate. Her fixed day rate has fluctuated throughout her employment with Defendants, sometimes based on the client to which she was assigned.

16. However, at other times Defendants fluctuated her day rate arbitrarily and without notice to Plaintiff.

17. Defendants have repeatedly asserted to Plaintiff and Plaintiff's family members that they "do not pay overtime" because they pay Plaintiff a day rate. *See* Declaration of Lisa Williams, attached hereto as "Exhibit A."

18. Defendants manipulate Plaintiff's paystubs to falsely give the appearance that Plaintiff is making an hourly rate and an overtime rate and have even admitted as such in communications from Defendants' management:




19. However, these rates fluctuate between Plaintiff's paychecks simply so Defendants can falsely manipulate the arithmetic to justify Plaintiff's day rate, presumably if ever investigated by the Department of Labor ("DOL") or other agencies.

20. Defendants maintain payroll in a sloppy and haphazard manner, which is a result of ongoing manipulation errors. For example, but not intended to be an exhaustive list of the errors contained in Plaintiff's pay records:

a. some of Plaintiff's paystubs list only regular hours and compensation (such as the following illustration):[1]

[1] In this illustration, all hours listed are identified as "regular" instead of some mentions of "overtime" in other paystubs (and despite Plaintiff having worked 144 hours in this illustration).

| Earnings | Memo | Date | Time In | Time Out | Rate | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Regular | | 08/23/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/23/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/24/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/24/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/25/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/25/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/26/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/26/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/27/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/27/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/28/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/28/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/29/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/29/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/30/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/30/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 08/31/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 08/31/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| | | **Total Current Hours** | | **144.00** | **Total Current Amount** | | **$1,578.33** |
| | | **Total YTD Hours** | | **2,296.00** | **Total YTD Amount** | | **$24,616.84** |

b. some of Plaintiff's pay records indicate Plaintiff was reimbursed for "mileage" though she did not drive to and from work (such as the following illustration):

| Earnings | Memo | Date | Time In | Time Out | Rate | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Regular | | 10/13/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/13/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 10/14/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/14/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 10/15/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/15/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 10/16/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/16/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 10/17/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/17/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Regular | | 10/18/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/18/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Mileage | | 10/24/2024 | | | 0.66 | 38.00 | 24.93 |
| Regular | | 10/24/2024 | 06:00:00 AM | 10:00:00 AM | 8.25 | 1.00 | 8.25 |
| Regular | | 10/24/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Mileage | | 10/25/2024 | | | 0.66 | 38.00 | 24.93 |
| Regular | | 10/25/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/25/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| Mileage | | 10/26/2024 | | | 0.66 | 38.00 | 24.93 |
| Regular | | 10/26/2024 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 10/26/2024 | 11:30:00 AM | 10:00:00 PM | 12.38 | 10.50 | 129.99 |
| | | **Total Current Hours** | | **253.50** | **Total Current Amount** | | **$1,615.99** |
| | | **Total YTD Hours** | | **2,981.50** | **Total YTD Amount** | | **$31,055.50** |

c. Defendants started indicating some of Plaintiff's pay was for "overtime" as well as regular compensation in various payroll stubs (such as the following illustration):

| Earnings | Memo | Date | Time In | Time Out | Rate | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Regular | | 03/29/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 03/29/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 03/30/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 03/30/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 03/31/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 03/31/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/01/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/01/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/02/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/02/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/03/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/03/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/04/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/04/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Holiday | | 04/05/2026 | 06:00:00 AM | 11:30:00 AM | 15.18 | 5.50 | 83.49 |
| Holiday | | 04/05/2026 | 11:30:00 AM | 10:00:00 PM | 22.77 | 10.50 | 239.09 |
| Overtime | | 04/06/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/06/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/07/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/07/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/08/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/08/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/09/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/09/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/10/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/10/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |
| Regular | | 04/11/2026 | 06:00:00 AM | 11:30:00 AM | 10.12 | 5.50 | 55.66 |
| Overtime | | 04/11/2026 | 11:30:00 AM | 10:00:00 PM | 15.18 | 10.50 | 159.39 |

| | | | | |
|---|---|---|---|---|
| | **Total Current Hours** | **224.00** | **Total Current Amount** | **$3,118.23** |
| | **Total YTD Hours** | **2,994.00** | **Total YTD Amount** | **$23,867.29** |

d. At times Defendants inaccurately listed an extremely high number of hours worked in a pay period that would not even be possible for an individual to work in a two-week period (such as the illustration below):

| Earnings | Memo | Date | Time In | Time Out | Rate | Hours | Amount |
|---|---|---|---|---|---|---|---|
| Mileage | | 12/21/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/21/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/21/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/22/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/22/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/22/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/23/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/23/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/23/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/27/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/27/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/27/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/28/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/28/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/28/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/29/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/29/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/29/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/30/2025 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 12/30/2025 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 12/30/2025 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 12/31/2025 | | | 0.68 | 50.00 | 34.00 |
| Holiday | | 12/31/2025 | 06:00:00 AM | 11:30:00 AM | 12.38 | 5.50 | 68.06 |
| Holiday | | 12/31/2025 | 11:30:00 AM | 10:00:00 PM | 19.26 | 10.50 | 202.23 |
| Mileage | | 01/01/2026 | | | 0.68 | 50.00 | 34.00 |
| Holiday | | 01/01/2026 | 06:00:00 AM | 11:30:00 AM | 12.38 | 5.50 | 68.06 |
| Holiday | | 01/01/2026 | 11:30:00 AM | 10:00:00 PM | 19.26 | 10.50 | 202.23 |
| Mileage | | 01/02/2026 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 01/02/2026 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 01/02/2026 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| Mileage | | 01/03/2026 | | | 0.68 | 50.00 | 34.00 |
| Regular | | 01/03/2026 | 06:00:00 AM | 11:30:00 AM | 8.25 | 5.50 | 45.38 |
| Regular | | 01/03/2026 | 11:30:00 AM | 10:00:00 PM | 12.84 | 10.50 | 134.82 |
| | | Total Current Hours | | 726.00 | Total Current Amount | | $2,536.38 |
| | | Total YTD Hours | | 726.00 | Total YTD Amount | | $2,536.38 |

21. The above screenshots are mere samples of the types of ongoing errors repeatedly contained in Plaintiff's paystubs. Not specifying overtime, listing 700-900 hours worked in a pay period, indicating pay for mileage despite no driving are all examples of a business and enterprise that doesn't care about what is listed because it intends to solely pay one (1) flat daily rate (and no overtime compensation).

22. Defendants have never actually compensated Plaintiff for the overtime hours she worked since the beginning of her employment on or about July 7, 2023. Instead, Defendants determine what profit will be generated from a patient, set a flat rate per day of employee compensation, and make up false figures to justify the day rate (to give the false impression of overtime pay).

23. As aforesaid, Defendants admitted to selecting a day rate and "configure[ing] that daily rate into an hourly rate" to work backwards to meet Plaintiff's total daily rate of pay.

24. In calculating Plaintiff's daily rate of pay, Defendants did not consider the number of hours Plaintiff actually worked, nor did they use an hourly rate of pay to calculate her overtime rate.

25. Defendants owe Plaintiff compensation for all overtime hours she has worked since the start of her employment.[2]

26. In total, Plaintiff is owed $201,984.88 in overtime compensation, based on a three-year look back period. [3] A breakdown of Plaintiff's calculations, using the formula from *Hickman* and an average of 72 hours of overtime worked per week, are below:[4]

a. From on or about October 16, 2023[5] to on or about August 17, 2024, Plaintiff was paid $148.70 per day. Accordingly, her hourly rate at this time was $9.29 and her

---

[2] If an employer intends to pay an employee a fixed rate for overtime work, the rate must be determined by" multiplying his overtime rate by the number of overtime hours regularly worked." *Hickman v. TL Transp., LLC*, 318 F. Supp. 3d 718, 722 (E.D. Pa. 2018). However, when the fixed rate of pay is not based on a calculation of an employee's overtime rate and the overtime hours that employee works, even if those hours are a set amount, "the employer may not credit any portion of the day rate towards overtime premiums owed to an employee." *Id.* at 722-23.

[3] The statute of limitations is three (3) years in this action because of Defendant's willful and knowing violations, or at the very least it's reckless disregard, of the FLSA. *See Albanese v. Bergen County*, 991 F. Supp. 410, 425 (D.N.J. 1998) (finding the statute of limitation for an FLSA claim was three (3) years when the Defendant was informed it may be violating the FLSA and knew of legal authority that made clear they were violating the FLSA but failed to take further action such as consulting a lawyer, investigating the potential violation).

[4] An employee's "regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra halftime pay at this rate for all hours worked in excess of 40 in the workweek." *Hickman*, 318 F. Supp. 3d at 723 (citing 29 C.F.R. § 778.112).

[5] Defendants no longer give Plaintiff access to her pay records prior to May 17, 2024. When an employer has not kept sufficient records of actual hours worked per week by an employee, the employee that she performed work for which she was improperly compensated and produce sufficient evidence to show the amount and extent of that work "as a matter of just and reasonable inference." *Scalia v World Marble & Granite Corp.*, No. 19 -11211, 2021 U.S. Dist. LEXIS 113797, * 22-23 (D. Mass. June 17, 2021). The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate reasonableness of the inference to be drawn from employee's evidence. *Id.* If the employer fails to meet this burden, the court may award damages to the employee even though resulting amount may only be approximate. *Id.*

overtime rate was $13.94. For this approximate 46-week period, Plaintiff is owed $46,169.28;

b. From on or about August 18, 2024 to on or about October 26, 2024, Plaintiff was paid $175.37 per day. Her hourly rate at this time was $10.96 and her overtime rate was $16.44. For this approximate 8-week period, Plaintiff is owed $9,469.44.

c. From on or about October 27, 2024 to on or about November 9, 2024, Plaintiff was paid $200.03 per day. Her hourly rate at this time was $12.50 and her overtime rate was $18.75. For this approximate 2-week period, Plaintiff is owed $2,700.00.

d. From on or about November 10, 2024 to on or about January 18, 2025, Plaintiff was paid $209.48 per day. Her hourly rate at this time was $13.09 and her overtime rate was $19.64. For this approximate 10-week period, Plaintiff is owed $14,137.20.

e. From on or about January 19, 2025 to on or about September 13, 2025, Plaintiff was paid $210.37 per day. Her hourly rate at this time was $13.15 and her overtime rate was $19.72. For this approximate 34-week period, Plaintiff is owed $48,280.00.

f. From on or about September 14, 2025 to on or about December 20, 2025, Plaintiff was paid $215.20 per day. Her hourly rate at this time was $13.45 and her overtime rate was $20.18. For this approximate 14-week period, Plaintiff is owed $20,336.40.

g. From on or about December 21, 2025 to on or about January 17, 2026, Plaintiff was paid $214.20 per day. Her hourly rate at this time was $13.39 and her

overtime rate was $20.09. For this approximate 4-week period, Plaintiff is owed $5,680.80.

h. From on or about January 18, 2026 to on or about March 28, 2026, Plaintiff was paid $215.80 per day. Her hourly rate at this time was $13.49 and her overtime rate was $20.24. For this approximate 10-week period, Plaintiff is owed $14,569.20.

i. From on or about March 29, 2026 to the present, Plaintiff was paid $215.05 per day. Her hourly rate at this time was $13.44 and her overtime rate was $20.16. For this approximate 28-week period, Plaintiff is owed $40,642.56.[6]

27. There is no doubt Plaintiff is entitled to a three-year statute of limitations (under the FLSA) as Defendants admittedly manipulate Plaintiff's paystubs to put forth false appearance of paying overtime compensation. *See* ¶ 18, *supra*. Nonetheless, the PMWA (interpreted in the same manner as the FLSA) has automatic three-year lookback regardless of employer intent.

28. Defendants admittedly are aware Plaintiff works overtime hours and is aware it has an obligation to compensate her at a rate of one and one half times her regular rate, supported by the fact they began indicating both a regular and overtime rate on her paystubs.

29. Plaintiff is also entitled to liquidated damages, costs, and attorney's fees as mandated under the FLSA.[7]

[6] The calculations in this complaint are for illustrative purposes and should be construed as estimates subject to final calculations during the course of the lawsuit. There are factors that may or will influence the total sums owed in overtime pay.

30. Defendants C.Campbell and M.Campbell are individually liable (as to their personal assets) as they oversee, control, and jointly falsify payroll for employees including but not limited to Plaintiff.[8] During discovery, the pattern and practice not only towards Plaintiff but as to all similarly situated employees, will further corroborate all assertions in this lawsuit.

**Count I**
**<u>Violations of the Fair Labor Standards Act ("FLSA")</u>**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Defendants did not pay Plaintiff at a rate of time and one half for hours she worked beyond 40 hours per week.

33. Liquidated damages should "automatically" be awarded doubling Plaintiff's unpaid overtime compensation.

---

[7] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[8] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over matters that constitute violations of the FLSA may be sued individually).

34. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**Count II**
**<u>Violations of the Pennsylvania Minimum Wage Act ("PMWA")</u>**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to unpaid overtime compensation during the course and scope of Plaintiff's employment and through the date of verdict (as to ongoing violations post-lawsuit filing);

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law as a result of Defendants' bad faith non-compliance with the FLSA;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 16, 2026

# Exhibit A

**DECLARATION OF LISA WILLIAMS**

1. I am an adult individual, and I understand that I am providing a Declaration for a legal matter and that if I knowingly make false statements, I am subject to penalties of perjury. The following statements are true and correct to the best of my knowledge, and they are based upon my personal observations and/or knowledge.

2. Dorothy Samuels ("Samuels") is my mother.

3. Samuels has worked for Right at Home ("RAH") as a Live-In Home Health Aide since on or about July 7, 2023.

4. In or about early October 2026, Samuels received a paystub after returning from a vacation. Samuels was concerned that she was not paid the proper amount, so she reached out to RAH to get an understanding of the amount she was paid.

5. After speaking with RAH, however, Samuels did not feel she understood her pay any better and asked me to look at her paystubs.

6. In looking at her paystubs, I noticed numerous discrepancies in the amount she was paid, how her pay was labeled (i.e., overtime, regular, and mileage pay), and how many hours RAH claimed she worked in each pay period. I also formed the opinion quickly she was very underpaid for the sheer number of hours she was working.

7. I was very confused about Samuels's pay (after a comparison of her paystubs), so I decided to reach out to RAH on her behalf to get a better understanding of her pay structure and overtime compensation. I called RAH's office on or about October 2, 2026 and, when I asked about overtime compensation, I was told "there is not overtime." The company admitted to not paying "overtime" compensation to any Live-In Home Health Aides, not just my mother.

8. I was then told my questions would be passed along to Administrative Specialist, Jennifer Morrison ("Morrison").

9. Morrison sent me an email on or about October 2, 2026, confirming Samuels is not actually paid overtime when she stated in pertinent part:

Jennifer Morrison 9:31AM
to me, Tiffany

Hello Dorothy and family,

Thank you for your patience this morning as I am preparing for a telephone hearing scheduled for 9:45am. Here is a breakdown of information for you that I hope helps bring clarity.

Dorothy you are a live in, the case you presently work you are paid $215.00 per day- However in our system we have to configure that daily rate into an hourly rate. Hence the regular rate and overtime rates on your paystub.

10. During my time period of attempting to learn how my mother was being paid, I became very concerned that; (a) she was not paid overtime; (b) it appeared the company on the back end manipulated pay stubs in the event of an audit; and (c) sloppily handled all itemizations on paystubs because there was nothing but a daily rate being paid anyway so there was no need for an attention to detail or a proper accounting of anything.

Lisa Williams

Date: 10/16/2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Dorothy Samuels | : | CIVIL ACTION |
| v. | : | |
| Linden Browning, Inc. d/b/a Right At Home, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/16/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☒ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SAMUELS, DOROTHY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

LINDEN BROWNING, INC. D/B/A RIGHT AT HOME, ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: FLSA (29USC201)

Brief description of cause: Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/16/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______